IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARCH INSURANCE COMPANY**                                                    **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 5:22-cv-100-KS-BWR

**CLARK CONSTRUCTION, INC.**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendant's Motion to Stay Pending Arbitration [9], to which Plaintiff has filed a response [13], and Defendant has filed a reply [14]. Having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that Defendant's Motion to Stay Pending Arbitration [9] will be granted.

**I. BACKGROUND**

On or about December 16, 2020, Clark Construction, Inc. ("Clark") entered into a subcontract (the "Subcontract") with AJP Solutions, LLC ("AJP") for work to be performed at an assisted living facility identified as the Claiborne at Brickyard Crossing and located in Summerville, South Carolina (the "Project"). [10] at p. 1. The scope of AJP's work on the Project included the surface preparation, taping, floating, and finishing of drywall, interior and exterior painting, and the installation of acoustic ceilings and grid. *Id*. AJP agreed to perform the Subcontract work in exchange for payment of the lump sum firm fixed-price of $732,330.00, prior to any adjustment for written change orders executed by both parties as required under the Subcontract. *Id*. On or about January 6, 2021, Arch Insurance Company ("Arch") issued a performance bond (the "Performance Bond"), and a payment bond (the "Payment Bond") naming

1

AJP as the Principal and Clark as owner/obligee. *Id*.

During the course of the Project, AJP claimed it was owed $582,809.29 from Clark for additional work performed at Clark's direction, and Clark claimed AJP failed to perform its obligations under the Subcontract, resulting in damages totaling $513,414.43. [13] at p. 2. A number of communications took place between Clark and Arch. *Id*. [10] at p. 1. Arch then filed a complaint for a declaratory judgment action, on December 20, 2022, asking this Court to declare that Arch's duties under the Payment and Performance Bonds were not triggered due to Clark's failure to comply with the conditions precedent contained in those bonds. [13] at p. 3. Clark answered on January 31, 2023, and asserted counterclaims against Arch, claiming that Arch breached the bonds by refusing to reimburse Clark and committed bad faith in doing so. *Id*. Arch answered the counterclaims on February 20, 2023. *Id*. Subsequently, on February 27, 2023, Clark filed the instant motion for a stay. [9]. Additionally, Clark proports it has initiated an arbitration proceeding between it and AJP with the American Arbitration Association. [14] at p. 4. A Preliminary Hearing was scheduled for Monday, March 20, 2023, with the arbitrator.

## II. LEGAL STANDARD

Granting a stay is within the Court's discretion as a mechanism to control its docket and, where appropriate, when it serves the interests of judicial economy and efficiency. *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F.Supp.2d 537, 541 (S.D. Miss. 2006). The courts, when deciding whether a stay of the proceedings is appropriate, may consider the following factors: "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, No. CIV.A.00–0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000); see also *Weathersby v. Lincoln Elec. Co.*, No. Civ.A. 03–0398, Civ.A. 03–0487, Civ.A. 03–0770, Civ.A. 03–0930, 2003 WL 21088119, at *2

(E.D. La. May 9, 2003). A district court has broad discretion to stay cases pending before it. *Old Republic Sur. Co. v. J. Cumby Constr., Inc.*, 2022 U.S. Dist. LEXIS 147373, 11 (N.D. Miss. 2022). "[i]n some cases ... it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20, 103 S.Ct 927, 74 L.Ed.2d 765 (1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Allowing litigation to proceed simultaneously with mediation and possibly arbitration could create a risk of inconsistent results and duplicative litigation. *Old Republic*, 2022 U.S. Dist. LEXIS 147373, at 11.

### III. DISCUSSION

Clark asserts that it has initiated an arbitration proceeding between it and AJP with the American Arbitration Association. [14] at p. 4. A Preliminary Hearing was scheduled for Monday, March 20, 2023, with the arbitrator. *Id*. Absent a stay of this litigation, Clark would proceed with arbitration and defend Arch's claim at the same time. *Id*. Clark asserts it might not be necessary to expend Clark's time and resources litigating with Arch if Clark does not prevail in the arbitration proceeding. *Id*. Clark contends it has, therefore, satisfied the first consideration the Court should examine. *Id*.

Clark argues that Arch has not articulated any prejudice that it might suffer in the event the stay is granted. [14] at p. 5. Clark asserts that if it is unsuccessful in its arbitration against AJP, there would be no reason to litigate whether Clark satisfied the conditions of the Bonds. *Id*. It is Clark's position that the second consideration for a stay likewise weighs in favor of granting the stay. *Id*.

Lastly, Clark contends judicial economy would dictate that proceeding with Arch's litigation is unnecessary at this time for the reasons stated above. *Id*. Clark again repeats its position

3

that proceeding with any further action in this litigation would be at the financial expense of both parties and impose an unnecessary burden upon the Court in requiring it to address any pleadings filed by Arch or Clark when Clark might not even prevail in its arbitration against AJP rendering this proceeding moot. *Id*.

Arch, however, argues that it is asking this Court to determine whether Clark complied with conditions precedent to trigger Arch's obligations under the bonds. [13] at p. 7. Arch further asserts the outcome of this cause is based upon the bonds' wording and will not impact the Clark/AJP arbitration under the Subcontract. *Id*. Thus, Arch contends that Clark will suffer no prejudice if its Motion is denied. *Id*. Additionaly, Arch argues, declining to determine whether Clark failed to comply with conditions precedent under the bonds prejudices Arch because Arch should not be forced to wait for a resolution in an arbitration between AJP and Clark to determine if Clark breached the terms of the bonds by failing to comply with the conditions precedent contained therein. *Id*. Lastly, Arch maintains, a stay will do nothing more than hinder judicial efficiency by requiring Arch to wait until the conclusion of the arbitration before having the issues it brought before the Court decided. [13] at p. 8.

While the Court can consider prejudice to both parties and the judicial economy, these are just factors to consider. Clark contends that the result of the arbitration will affect this proceeding, and Arch argues the opposite. [14] at 4-5;[13] at p. 7-8. They both claim judicial efficiency will favor their cause. *Id*. The Court here declines to reach the issue of the effect of the arbitration's outcome on Arch's claim. The Court, however, finds that it could be judicially efficient to stay this proceeding as the arbitration process is already underway. In some instances allowing litigation to proceed simultaneously with arbitration could create a risk of inconsistent results and duplicative

4

litigation.[1] *Old Republic*, 2022 U.S. Dist. LEXIS 147373, at 11. Thus out of caution, the Court will stay this case pending the resolution of the arbitration. Furthermore, granting a stay is fully within the Court's discretion. *Hood*, 428 F.Supp.2d at 541.

## IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion to Stay Pending Arbitration [9] is GRANTED. Upon resolution of the arbitration, the parties shall notify this Court within **14 days** of its conclusion that the arbitration has been completed and request a lift of the stay, or otherwise request dismissal of this action.

In any event, in an effort to keep this case moving forward, the parties are further ordered to file a status report with the Court as to the status of the arbitration on or before **September 15, 2023**.

SO ORDERED AND ADJUDGED this 3rd day of April 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] Clark argues that this case could be moot depending on the outcome of its arbitration against AJP. At this time the Court does not have enough information to make a determination on the issue. Furthermore, the court does not need to determine that issue for the instant motion.